Filed 5/20/13  P. v. Adams CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C072638 |
| Plaintiff and Respondent, | (Super. Ct. No. SC055166B) |
| v. | |
| QUAWNTAY ADAMS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Quawntay Adams has asked this court to review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We find no errors and shall affirm the judgment.

**BACKGROUND**

On October 21, 1992, while confined at the California Youth Authority (CYA; now the Department of Corrections and Rehabilitation, Division of Juvenile Facilities), defendant assaulted a youth counselor, hitting her multiple times with a sock containing a can of beans while another ward held her down.  Defendant was 17 years old when he committed the crime.  He was arraigned as an adult on charges of assault with a deadly

1

weapon on a peace officer (Pen. Code,[1] § 245, subd. (c)) and battery with serious bodily injury (§ 243, subd. (d)).

On February 18, 1993, while represented by counsel, defendant pleaded guilty to the assault charge in exchange for dismissal of the remaining count, and was sentenced to three years in state prison. The arrest disposition forms and the abstract of judgment reflect defendant's birth date as September 30, 1972, as opposed to September 30, 1975. According to those documents, defendant was 20 years old when he committed the crime.

On March 14, 1995, defendant filed his first of three petitions for writ of habeas corpus in the superior court, alleging he was released from state prison on July 29, 1994, and thereafter "arrested by [CYA] for no reason" despite the court having informed him he was "not to return to [CYA]" and was to be released on parole.

Defendant filed his second of three petitions for writ of habeas corpus on April 5, 1995, in which he reiterated the allegations contained in the first petition and further alleged that he was 17 years old when he committed the crime. Defendant alleged that CYA felt he "was unfit for their treatment" and "sent [him] to [adult] court for prosecution." He also claimed he served a three-year sentence in state prison even though he had been sentenced to "only . . . [two] years."

On May 2, 1995, the superior court denied both of defendant's petitions, ruling that "CYA's continued supervision over [defendant] is an administrative decision by CYA that is subject to administrative review" and defendant "must exhaust his administrative remedies before seeking relief from the court." With respect to defendant's age, the court stated, "Court records reflect that [defendant's] date of birth is September 30, 1972, that the assault occurred on October 21, 1992, and that [defendant]

---

[1] Further undesignated statutory references are to the Penal Code.

2

was, therefore, 20 years of age at the time of the assault." The court also ruled that the record confirmed defendant's three-year sentence.

On July 18, 1995, defendant filed his third and final petition for writ of habeas corpus, alleging he was sentenced to state prison at the age of 17 in violation of Welfare and Institutions Code section 602[2] because the "court believed [he] was 20 years of age." He further alleged that, following the 1993 assault at CYA, he was "refer[r]ed directly to superior court of adults" where he "filled out no papers asking [his] name or age and [he] never stated to the court or officials that [he] was 20 years old." He claimed that CYA "always knew of [his] real age" and his "birth certificate has always been in [his] [CYA] file." He also claimed he "never knew of the mistake until now."

On August 28, 1995, the superior court denied defendant's third habeas corpus petition on the ground that he waived his right to have his case proceed in juvenile court by failing to call to the court's attention the fact that he was under the age of 18 when he committed the offense.

On December 1, 2010, defendant filed a petition for writ of error *coram nobis* in the superior court, alleging he was only 17 years old when he committed the offense and requesting that the judgment be vacated. In support of the petition, defendant attached a copy of his birth certificate reflecting a birth date of September 30, 1975.

On December 10, 2010, the superior court denied defendant's petition, ruling as follows: "[Defendant] previously made the same argument based upon the same allegations in two prior [petitions for writ of habeas corpus] filed on April 5, 1995, and

---

[2] Welfare and Institutions Code section 602, subdivision (a) provides as follows: "Except as provided in subdivision (b), any person who is under the age of 18 years when he or she violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

July 18, 1995, both of which were denied.  His third and current Petition appears to be taking a third bite at the same apple. [¶] . . . [¶] As [defendant] is attempting to challenge his conviction as he has previously done so twice prior, he is presenting a new claim that could have been presented in either one of his earlier Petitions.  Accordingly, his Petition is a 'delayed petition' and therefore, fails to merit relief.  (*In re Clark* (1993) 5 Cal.4th [750,] 769-770, 774.)"

On December 15, 2010, defendant filed a supplemental petition for writ of error *coram nobis* reiterating his earlier claims and alleging that he exercised due diligence in raising the issue of his age.  Thereafter, he filed a "Motion for Appeal and Appointment of Counsel."

On January 4, 2011, the superior court denied both the supplemental petition and the motion for appeal on the grounds that defendant made the same claims three times before, all of which had previously been rejected; and he failed to show due diligence in filing his petition.

Defendant appealed the denial of his petition for writ of error *coram nobis* to this court.  In an opinion filed on October 31, 2011, this court held that defendant "failed to satisfy his burden to produce evidence to establish the relief sought (*People v. Kim* (2009) 45 Cal.4th 1078, 1101)" and that the "trial court did not abuse its discretion in denying his petition for writ of error *coram nobis*."

On September 11, 2012, defendant filed a "Motion to Correct Error in Judgment," claiming that, although he agreed to a three-year sentence in February 1993, he was in fact sentenced to two years, which is reflected in the sentencing transcript; however, the abstract of judgment erroneously states he was sentenced to three years.  Defendant stated that, although this sentence has long expired, it was used to enhance a federal sentence that he was then serving.

4

Also on that date, defendant filed a "Motion to Strike and Void" an August 28, 1995 "Order Denying Habeas Corpus Petition." In that motion, defendant claimed that, because he was not in custody when he filed his petition for writ of habeas corpus on July 18, 1995, the superior court lacked jurisdiction to hear and deny his petition on August 28, 1995.

On October 19, 2012, defendant filed a "Motion to File Successive Petition for Writ of Error Coram Nobis," arguing, in general, that the matter was within one of the "exceptions" to the procedural bar to successive petitions mentioned in *In re Clark, supra*, 5 Cal.4th 750. Attached to the motion were the documents submitted with defendant's previously filed petition for writ of error *coram nobis*.

On November 13, 2012, the trial court denied defendant's "Motion to Correct Error in Judgment," his "Motion to Strike and Void" the "Order Denying Habeas Corpus Petition," and his successive Petition for Writ of Error Coram Nobis. The court ruled that defendant's petition and motions "are merely duplicate, successive Petitions which are procedurally impermissible."

Defendant timely appealed from the trial court's order.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and asks us to determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

5

**DISPOSITION**

The judgment is affirmed.


                                                         DUARTE             , J.


We concur:


          NICHOLSON          , Acting P. J.


          MAURO               , J.